IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JOHN BURNOM, N53396,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 25-cv-2018-DWD |
| | ) |
| **JEREMIAH BROWN,** | ) |
| **JEREMY KOHN,** | ) |
| **LATOYA HUGHES,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff John Burnom, an inmate of the Illinois Department of Corrections (IDOC), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Lawrence Correctional Center. Specifically, Plaintiff alleges that the defendants are refusing to provide a milk substitute directed by physicians. Plaintiff's Complaint (Doc. 1) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## ANALYSIS

Plaintiff suffers from chronic kidney disease and has been authorized to see an outside physician to manage his condition. (Doc. 1 at 5). On February 2, 2024, Plaintiff's outside doctor (Temitope, a non-party) recommended that he be provided with powdered milk, and that his phosphorus levels be monitored. (Doc. 1 at 6). In July of 2024, Plaintiff was confirmed to be lactose intolerant by the prison medical staff. (Doc. 1 at 5). On February 27, 2025, medical director Susan Cole directed the therapeutic diet with a notation about powdered milk. (Doc. 1 at 6-7). On March 7, 2025, a nurse practitioner at the prison issued him a therapeutic diet that directed powdered lactose free milk. (Doc. 1 at 6).

Plaintiff alleges that despite these orders, Defendant Jeremy Kohn has refused to provide the prescribed therapeutic diet. Plaintiff grieved the issue, and his second grievance was deemed an emergency by Defendant Brown, the Warden. However, when the grievance officer responded, they indicated that Plaintiff would not be provided with the diet because IDOC does not allow allergy-based diets. The grievance response says:

> Per FSPM Kohn, "This Dietary Department follows the policies set forth by IDOC. IDOC does not recognize allergy diets"
> Per the Therapeutic Diet Manual, it states:
> "Diets deemed to be necessary by staff physicians that are not on the approved diet list are to be approved by the Agency Medical Director prior to implementation.
> IDOC THERAPEUTIC DIET MANUAL
> FOOD SENSITIVITY AND ALLERGIES
> There are numerous individuals who display intolerances to food or elements of the environment. These intolerances may result in gastrointestinal irritation, nasal congestion, skin rashes and so forth. Generally these sensitives do not require modification in the diet. As a rule the problems can be solved by simply avoiding the food that is known to cause the distress.
> Inmates in IDOC may demonstrate sensitivity or allergy to a large number of foods, thus it is not feasible or economical to attempt to provide diet modifications to meet all of their needs. For this reason there are no diets written or honored in IDOC to acknowledge these sensitivities. It is therefore the responsibility of the health care unit to provide the individual with education on how to avoid foods or groups of food that may cause problems. Therefore, as a rule, allergies and food sensitivities are not recognized diets in IDOC.
> If it is determined that an allergy exists in an individual to a major food group or that the avoidance of the allergen compromises the individual's nutritional status, the Food Service Administrator and the Agency Medical Director must be contacted for further instructions. In such a situation a special diet may have to be written to accommodate the individual need.
> Sensitivity to lactose, milk products, is quite common in our society. When there is an individual allergic to lactose, it is highly recommended that Lactaid be ordered by the physician for the individuals. The use of these tablets allows the inmate to consume milk products and at the same time not compromise his/her nutritional status."

(Doc. 1 at 30). The grievance was rejected on technical grounds by the Administrative Review Board. (Doc. 1 at 27).

In this lawsuit, Plaintiff faults Kohn, Brown, and IDOC Director Latoya Hughes for failing to accommodate his diet after it was brought to their attention via his grievance. Specifically, he complains that if there is a policy that would disallow his medically prescribed diet, the policy is unconstitutional. Or, regardless, that the denial of the diet is deliberate indifference. He claims that he is now forced to choose between consuming lactose products to get needed minerals or foregoing adequate nutrition. He alleges lactose gives him severe stomach pain, diarrhea, and vomiting, among other things. Without a substitute, he claims he has lost weight, and he feels hungry and weak. He seeks a preliminary injunction, declaratory, and compensatory damages. (Doc. 1 at 11).

Based on the allegations in the Complaint, the Court will designate the following claim:

> **Claim 1:** Eighth Amendment deliberate indifference claim against Defendants Kohn, Brown, and Hughes for their role in denying Plaintiff the diet prescribed by an outside physician and two prison medical providers.

The parties and the Court will use these designations in all future pleadings and orders unless otherwise directed by a judicial officer of this Court. Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*. See *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

## Analysis

In *McDonald v. Hardy*, 821 F.3d 882 (7th Cir. 2016), the Seventh Circuit reversed a grant of summary judgment for prison administrators who cancelled all medical diets at Stateville Correctional Center, including the Plaintiff's low cholesterol diet. The *McDonald* Court explained, "[w]here, as here, an inmate sues prison employees who are not part of the medical staff, deliberate indifference can be shown with evidence that those employees ignored or interfered with a course of treatment prescribed by a physician." 821 F.3d at 888. "Custodians are not excused from ensuring adequate treatment for inmates with chronic or degenerative conditions simply because any resulting harms may remain latent or have not yet reached the point of causing acute or life-threatening conditions." *Id.* at 889. "Interference with prescribed treatment is a well-

recognized example of how nonmedical prison personnel can display deliberate indifference to inmates' medical conditions. *Id.* at 890.

Plaintiff's present allegations are on all fours with *McDonald*. He alleges that multiple physicians have prescribed him a lactose-free diet with a milk substitute to ensure he receives adequate nutrients. He claims that Defendant Kohn refused to honor the diet, and Defendant Brown backed the decision in the grievance process. Claim 1 may proceed against Kohn and Brown.

Plaintiff also faults Defendant Hughes for denying his grievance on July 21, 2025, but the grievance documents attached to his complaint do not support this contention. On July 21, 2025, his grievance was returned for procedural reasons by an Administrative Review Board staff person. (Doc. 1 at 27). There was no signature line on the form for Hughes, and there is no indication Hughes was asked to endorse this procedural ruling. Other than the grievance document, Plaintiff does not explain how Hughes was personally made aware of the situation or how she participated in causing him harm. Supervisors cannot be held liable for a § 1983 violation merely because their role as a prison administrator. *Burks v. Raemisch,* 555 F.3d 592 (7th Cir. 2009). On the allegations presented, Plaintiff has not sufficiently demonstrated Hughes' role or involvement, so Hughes will be dismissed without prejudice.

Within the complaint, Plaintiff also included a demand for immediate injunctive relief related to his diet. However, he did not file a freestanding motion consistent with Federal Rule of Civil Procedure 65. If Plaintiff wishes to further pursue the option of injunctive relief while this lawsuit is pending, he shall file a separate motion. He should

take special care to describe his current medical situation, including the impact that he is experiencing without the prescribed diet, and if he has been able to consult on-site or off-site medical providers about the lack of the diet that they prescribed.

### Disposition

**IT IS HEREBY ORDERED THAT Claim 1** of the Complaint (Doc. 1) survives against Defendants Kohn and Brown.  By contrast, **Claim 1** is insufficient against Defendant Hughes, and the Clerk of Court shall **TERMINATE** Hughes.

The Clerk of Court is **DIRECTED** to prepare for Defendants Kohn and Brown: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed in forma pauperis was granted. See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a change of address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for failure to prosecute. FED. R. CIV. P. 41(b).

The Clerk of Court is **DIRECTED** to enter the standard HIPAA Order in this case because it will involve the exchange of medical records.

**IT IS SO ORDERED.**

Dated: November 12, 2025

/s/ *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge

## NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear. As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, he will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.