**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JOHN BURNOM,**<br>**No. N53396,**<br><br>**PLAINTIFF,**<br><br>**VS.**<br><br>**JEREMIAH BROWN,**<br>**JEREMY KOHN, and**<br>**LATOYA HUGHES,**<br><br>**DEFENDANTS.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CASE NO. 25-cv-2018-DWD** |

**ORDER**

**DUGAN, District Judge:**

Plaintiff, who is proceeding *pro se*, filed this action under 42 U.S.C. § 1983 alleging that his civil rights were violated. Plaintiff is an inmate at Lawrence Correctional Center in the custody of the Illinois Department of Corrections and paid the filing fee in full. Presently before the Court is his Motion for Recruitment of Counsel. For the reasons that follow, the Motion is **DENIED** without prejudice.

Civil litigants do not have a constitutional or statutory right to counsel. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Under 28 U.S.C. § 1915(e)(1), however, the court has discretion to recruit counsel to represent indigent litigants in appropriate cases. *See Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). As the Seventh Circuit has observed, the decision is a difficult one: almost every *pro se* litigant "would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases."

*Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)).

When evaluating a request to recruit counsel, the Court considers: (1) whether the plaintiff has made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and (2) given the difficulty of the case, whether the plaintiff appears competent to litigate it himself. *Pruitt*, 503 F.3d at 654; *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). The first inquiry is a mandatory threshold inquiry. *Eagan*, 987 F.3d at 682; *Pruitt*, 503 F.3d at 655. Even when that threshold is met, the Court asks whether the "difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." *Pennewell v. Parish*, 923 F.3d 486, 490–91 (7th Cir. 2019). That inquiry is individualized and considers the nature of the claims, the stage of the litigation, the tasks that attend litigation, and the plaintiff's literacy, education, communication skills, and any limitations that may affect his ability to litigate. *Pennewell*, 923 F.3d at 490–91.

Here, the Court is unable to determine whether Plaintiff is indigent and thus unable to afford to hire an attorney. Plaintiff used this District's form motion for recruitment of counsel. In response to Question 2 on the form, Plaintiff states that he is "indigent and [does not] have adequate funds to hire an attorney." Question 4 on the form directs the movant to check one of three boxes concerning an application for leave to proceed in forma pauperis and the movant's current financial status. Plaintiff left that question blank. Further, Plaintiff attached no financial information, including no inmate trust-fund account statement and no *in forma pauperis* application. Additionally, he paid

the filing fee in full and is not proceeding *in forma pauperis*. On this record, Plaintiff has not established that he is unable to afford counsel as required by § 1915(e)(1). As such, the motion is due to be denied. *See Henderson v. Ghosh,* 755 F.3d 559, 564 (7th Cir. 2014) (noting that district courts have discretion to recruit counsel for *indigent* plaintiffs).

Even assuming, arguendo, that Plaintiff is indigent, the motion still fails. Plaintiff has satisfied the first prong. He attests that he wrote to multiple individuals and groups, including legal-aid clinics, in an effort to obtain counsel and that he received no responses. He attached copies of letters he sent to Land of Lincoln, legal aid, and volunteer legal services. Those submissions are sufficient, on this record, to show a reasonable attempt to recruit counsel on his own. *See Pruitt*, 503 F.3d at 654–55.

The second prong, however, is not met. Plaintiff proceeds on a single Eighth Amendment deliberate-indifference claim against two defendants arising from the alleged refusal to provide a physician-directed milk substitute. He alleges that he has chronic kidney disease, that an outside physician recommended powdered milk and monitoring of phosphorus levels, that prison medical staff confirmed he is lactose intolerant, and that a therapeutic diet directing powdered lactose-free milk was ordered but not provided. He also alleges that related grievances have been handled improperly. The claim turns primarily on facts within Plaintiff's personal knowledge: what diet was ordered, what he did or did not receive, and how defendants responded. The mere fact that a case involves medical care does not automatically require recruitment of counsel. *Johnson v. Doughty*, 433 F.3d 1001, 1001 (7th Cir. 2006); *see also Dewitt v. Corizon, Inc.*, 760

F.3d 654, 658 (7th Cir. 2014) (not every deliberate-indifference case is so complex as to warrant recruitment).

Further, Plaintiff's demonstrated performance in this case is consistent with an ability to litigate the claim *pro se* at this stage. He has some high school education. He drafted and filed a pro se complaint that was legible, coherent, and organized. It cited administrative provisions, attached relevant medical records and grievances, and presented his allegations and the basis for his claim in a logical fashion. The complaint survived screening. He has also filed a motion for status that is legible and coherent, recounts the case history, and requests a ruling on the present motion. Those filings outweigh generalized assertions that he is "ignorant to the law." Unfamiliarity with legal proceedings and a degree of complexity do not, standing alone, justify recruitment. *Johnson*, 433 F.3d at 1007–08; *see also Olson*, 750 F.3d at 711.

Plaintiff further contends that multiple medications impair his ability to write and focus. He identifies, among other medications, omeprazole, simvastatin, simethicone, metoclopramide, montelukast, albuterol, acetaminophen, ciclesonide, amlodipine, aspirin, cetirizine, fish oil, hydrochlorothiazide, losartan, methocarbamol, mineral oil or similar agents, a multivitamin, and triamcinolone. The Court does not question that Plaintiff takes these medications. The attached administration records, however, do not establish that the medications presently prevent him from performing the tasks of this litigation. His complaint and subsequent filing are articulate and organized. General claims of limitation, without a specific link to observable difficulty in drafting filings, responding to the Court, or gathering the facts of this diet-related claim, are insufficient.

The stage of the case does not change the result. Discovery is ongoing, with a completion date in March 2027 and a dispositive-motion deadline in April 2027. No trial date has been set. Although the assistance of counsel can become more important in later stages, *Walker*, 900 F.3d at 938, the case remains in discovery and has not been shown to present tasks beyond those Plaintiff has already handled in preparing a screened complaint and communicating with the Court.

In short, even if Plaintiff had established indigency, the difficulty of this case does not exceed his capacity as a layperson to present it coherently at this stage. Plaintiff's Motion for Recruitment of Counsel is therefore **DENIED** without prejudice.

Plaintiff may renew the request later if the case becomes substantially more complex, proceeds toward trial, or he can show specific, concrete difficulties that prevent him from litigating particular tasks. Any renewed motion should include (1) documentation of his current financial status, such as a completed in forma pauperis application or inmate trust-fund information, and (2) a particularized explanation of the tasks he cannot perform without counsel, tied to the record in this case rather than general assertions of poverty, medication use, or lack of legal training.

**SO ORDERED.**

Dated: September 21, 2026

DAVID W. DUGAN
United States District Judge